PER CURIAM.
The appellant, who was defendant in the trial court, appeals a final judgment in a non jury trial. The appellee is a real estate broker and the judgment was for a commission claimed against the prospective purchaser of a parcel of real estate. The sale was not completed.
There is no dispute as to the following: (1) The plaintiff, appellee, was qualified (2) He performed the services claimed (3) The transaction was not closed because the purchaser, appellant, defaulted in his written agreement to purchase. The basis of the claimed liability of this appellant, purchaser, is the following agreement contained in the deposit receipt contract:
“It is further agreed that in case this transaction is not completed due to any default or failure on the part of the purchaser, the said purchaser shall in that event become liable to the broker for brokerage commission as hereinafter provided.”
The appellee prepared the contract and presented it to the purchaser who signed. Thereafter it was presented to the seller who signed at a different place and time, and in addition signed the following agree *111 ment placed at the bottom of the contract below the signatures of the purchaser and seller:
“I, or we, agree to pay to the above signed broker, as commission for finding the above signed purchaser for the above described property, the sum of 5% of the selling price - - - Dollars ($5,125.00) or One-half of all amounts paid under said contract if the said amounts are retained pursuant to the terms thereof, whichever is the lesser sum.”
Thereafter the appellee delivered to the appellant, purchaser, a copy of the deposit receipt agreement on which the commission clause was blank and unexecuted. The judgment was for $5,125.00.
The sole question is whether a contract by the appellant, purchaser, to pay $5,-125.00 came into being, This is true because a real estate broker cannot recover a commission from a purchaser unless the purchaser contracts to pay the commission. Borensky v. Cohen, Fla.1956, 86 So.2d 814.
It is well settled that matters contained in other writings which are referred to may be regarded as a part of a contract. See Peoples Gas System, Inc. v. City Gas Co., Fla.App.1962, 147 So.2d 334 and cases at 12 Am.Jur. Contracts § 245, Note 11. This rule is frequently applied to an endorsement upon an instrument before its execution and to two instruments executed at the same time. See cases collected at 12 Am.Jur. Contracts § 245. In the instant case the writing referred to was not in existence at the time defendant signed the contract. This might be of no importance if the defendant was a party to the second writing, but he was not. From the record of this case it does not appear that the defendant knew of the subsequent execution of the writing to which reference is made, nor does it appear that he was informed of its terms. The effect of treating the subsequent agreement between the seller and his agent (the plaintiff-appellee) as a part of defendant’s contract is to approve a situation wherein certainty of contract would be thrown to the winds and opportunities for fraud and imposition would be open and notorious. Spragg v. Polino, 114 W.Va. 369, 171 S.E. 897. See 4 Williston on Contracts, 3rd Ed. § 581.
Accordingly, the judgment is reversed with directions to enter judgment for the defendant.
Reversed.