PEARSON, Judge.
The appellant, Imperial Apartment Hotel, Inc., was the defendant and counter-plaintiff in the trial court. The appellees, Harold J. Aronson and Muriel Aronson, his wife, were the plaintiffs and counter-defendants. The cause was tried in two parts. The appellees prevailed on their complaint, and then the cause was set for trial on the counterclaim. At the end of the trial of appellant’s counterclaim, the court found for the appellee-counterdefend-ants, and this appeal followed.
Appellant’s counterclaim was an action to recover for parking charges claimed under a written lease. The parties had placed their signatures on a five-page document bearing the legend “Lease.” The first four pages contain nineteen paragraphs which *611 set out the rights and duties of the parties. Paragraph four provides:
% ‡ ífc ‡ * *
“ * * * that the Lessee will perform, comply with and abide by all of the terms and conditions of this lease and all of the rules and regulations which the Lessor has or may hereafter promulgate, the Lessee recognizing it to be the fact that the Lessor has reserved the privilege from time to time to promulgate and require complaince with rules and regulations touching the operation, use and maintenance of the premises in the interest of enabling the Lessor to see to it that the premises are used, occupied and conducted in proper and practicable fashion. * * *»
The parties’ signatures appear at the center of the fourth page of the document. On the same page, immediately after the signatures, the legend “Rules and Regulations” appears. Fourteen rules and regulations are listed under this heading including:
% ‡ jfs ‡
“12. Lessee is entitled to the use of a parking space on the property of which the demised premises are a part, at the same rate as a similar facility is furnished to other tenants of the building.”
The fifth page is a rider to the lease, and the parties’ signatures appear at the end of the rider.
The court ruled that the appellant could not recover for the parking charges because the agreement as to parking was set forth in the rules and regulations, which were not part of the lease. The court reasoned that if the lease contained no provision for parking, then the appellees’ promise to pay was oral and that the statute of limitations therefore barred the appellant from prosecuting its claim. The trial court then allowed the appellant to proffer testimony supporting its claim but sustained an objection to the proffer. The appellees also offered testimony. Thereafter the court entered the judgment which is appealed. The ruling that as a matter of law the appellant’s claim was barred by the statute of limitation was based upon a finding that § 95.11(5) (e), Fla.Stat., F.S.A.,[1] applied to the counterclaim.
We think that the trial court erred in this ruling. Paragraph four of the lease referred to the Rules and Regulations. We therefore hold that the Rules and Regulations, which include a provision for parking charges, became part of the lease under the doctrine of incorporation by reference. See Escambia Land & Mfg. Co. v. Ferry Pass I. & S. Ass’n, 59 Fla. 239, 52 So. 715 (1910); Atlas Sewing Center, Inc. v. Belk’s Department Store, Fla.App.1964, 162 So.2d 274, 275; Tutko v. Banks, Fla.App.1964, 167 So.2d 110.
The appellees urge that the judgment may be sustained upon the merits of the claim as revealed by testimony proffered by the parties. This position is untenable in view of the fact that the trial court could not have determined the merits of the cause because he excluded the appellant’s evidence.
We expressly point out that we do not pass upon the merits of the appellant’s claim or upon the sufficiency of any defense. We hold only that the trial court committed prejudicial error when he ruled that the appellant’s claim was barred by the three-year statute of limitations. Accordingly, the judgment upon the counterclaim is reversed, and the cause is remanded for such further proceedings as the trial court shall find proper, including the taking of such additional testimony as may be offered.
Reversed.

. “95.11 Limitations upon actions other than real actions. — Actions other than those for the recovery of real property can only be commenced as follows: * * * (5) Within three years.— * * * (e) * * * an action upon a contract, obligation or liability not founded upon an instrument of writing * *