WALDEN, Chief Judge.
Plaintiff and his wife contracted to sell their home to defendant and his then wife. A Deposit Receipt and Contract for Sale and Purchase was signed by the parties, and a $38,000 deposit was made by buyer. Buyer failed to perform. Seller brought suit against buyer and the broker to recover the deposit as damages for breach. A clause in the Deposit Receipt Contract provided that seller should retain the deposit if buyer breached. ■
The broker counterclaimed for one-half of the deposit, based on an agreement between broker and seller, made a part of the Purchase Sale contract.
The trial court entered a summary judgment in favor of the broker and the seller, as follows:
“(2) That plaintiffs, [sellers] do have and receive and recover of and from defendants, [buyers] jointly and severally, on Count 1 of their complaint the sum of $38,-000.00.
“(3) That defendant [broker] do have, receive and recover of and from plaintiffs, [sellers] . . . ., on its counter-claim and of and from defendants [buyers] on its crossclaim the sum of $19,000.”
We affirm, with modification, these awards, as the evidence clearly shows the buyer breached his contract. Paragraph two grants sellers a judgment against buyers for the amount which has been deposited with the broker, while paragraph three improperly requires buyers to be liable to broker for that amount owed to broker by seller. We, therefore, modify the paragraphs to a single order as follows:
“That plaintiffs, BENJAMIN J. OEH-LERT and ALICE OEHLERT, shall receive and recover from the broker, EARL A. HOLLIS, INC., as escrow agent, the amount of $38,000, less the sum of $19,000 owed under contract by plaintiffs to broker, which amount broker shall retain as agreed for compensation.”
The trial court order included the following:
(4) “That defendants [buyers]
take nothing by their counterclaim against plaintiffs [sellers] and their crossclaim against defendant [broker] . . . and that as to that counterclaim and crossclaim those other parties go hence without day.”
*670 We affirm that portion of the order that buyers take nothing by their counterclaim against sellers. Buyer attempted, on appeal, to claim that broker was an agent for seller so as to preclude seller’s recovery, but buyer failed to allege this theory at trial. Furthermore, buyer’s own testimony does not support any notion that any such agency relationship existed, as he testified that the seller was unaware of any promise by broker to sell the buyer’s property.
We reverse that' portion stating that buyer take nothing from the broker on the crossclaim. The buyer had cross-claimed against broker, alleging:
“At the time' he signed the contract, attached to Plaintiffs’ Complaint, he did so in reliance upon the assurances of Earl A. Hollis and Toni Hollis, employees of Defendant, EARL A. HOLLIS, INC., that prior to the time of closing set out in the contract, they would obtain a purchaser for Belk’s residence at 235 Phipps Plaza, Palm Beach, or would obtain a purchaser for the property in the contract sued on herein.
******
“[That] EARL A. HOLLIS, INC., [was] fully informed and advised as to the Defendant’s Ronald Kent Belk, financial circumstances, and knew that without procuring the sale of the Phipps Plaza property, he would be hard pressed or unable to consummate the purchase of the Oehlert property. Nonetheless, they urged and persuaded him to enter into the agreement with the Plaintiffs on their assurance that they would either procure a purchaser for the Phipps Plaza Property or would procure a buyer for the Oehlert property,”
and that the broker failed to so perform. Buyer claimed that broker should be liable to buyer for damages. The crossclaim raises factual issues, with contradictory testimony as to the existence of promises made by the broker. The existence of these issues at least preclude the entry of a summary judgment as to the possibility of damages owed by broker to buyer. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Visingardi v. Tirone, 193 So.2d 601 (Fla.1966); Harvey Bldg., Inc. v. Haley, 175 So.2d 780 (Fla.1965).
We respectfully remand for further proceedings in accord with this opinion.
Affirmed in part; reversed in part, and remanded.
OWEN and DOWNEY, JJ., concur.