384 So.2d 1331 (1980)
W.E. CAMPBELL and Doris L. Campbell, Appellants,
v.
Victor SALMAN, Appellee.
No. 79-2262.
District Court of Appeal of Florida, Third District.
June 24, 1980.
*1332 Hendricks & Hendricks and Ben Hendricks, Coral Gables, for appellants.
No appearance for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
NESBITT, Judge.
The appellants (sellers) seek reversal of an adverse summary judgment entered in favor of the appellee (buyer) following buyer's failure to consummate the purchase of a home under a land sale contract.
The contract in question required the buyer to place a $1,000 deposit in escrow with the sellers' attorney and, upon acceptance of the offer by the sellers, the buyer was to deposit an additional $14,000 as the remainder of the earnest money deposit to a trust account of a real estate broker. The buyer tendered the $1,000 as a partial deposit along with an offer which the sellers accepted. This deposit was placed in escrow with the buyer's attorney where it remained intact. Instead of tendering the remainder of the $14,000 earnest money binder, the buyer reneged through a letter sent by his attorney to the sellers' attorney.
Pleading in the alternative, the sellers then commenced an action whereby they sought, in Count I of the complaint, to recover the entire $15,000 earnest money binder or, as indicated in count II, money damages for breach of contract in an amount equal to the difference between the agreed purchase price and the actual value of the property at the time of the breach. Redmond v. Prosper, Inc., 364 So.2d 812 (Fla.3d DCA 1978). The buyer responded by filing an answer containing a general denial of all allegations in the complaint and, as to Count I, interposed the affirmative defenses of: (a) satisfaction; (b) compromise and settlement; and (c) laches. the buyer asserted, as to Count II of the complaint, the affirmative defense that the sellers had elected their remedy under the land sale contract. Cross-motions for summary judgment were then filed by both parties and, at pretrial conference, the trial court entered summary final judgment in favor of the buyer from which the sellers appeal.
The trial court construed the pertinent part of the contract[1] to relegate the sellers *1333 to retention of only the $1,000 partial earnest money binder actually deposited. The trial court further ruled that the sellers had elected their remedy by seeking the earnest money binder and were therefore precluded from recovering money damages pursuant to Count II of their complaint.
The sellers correctly contend that a reading of the entire contract and a reasonable construction thereof evinces an intention of the parties that the buyer was required to deposit the sum of $15,000. See 11 Fla.Jur.2d Contracts § 121. We have no quarrel with that principle but in view of our holding, in Brown v. Fine, 102 So.2d 830 (Fla.3d DCA 1958), that the seller may not recover earnest money not actually deposited, we find that the trial court properly entered summary judgment against the sellers with respect to Count I of the complaint.[2]
With respect to Count II of the sellers' complaint, we conclude that the trial court erred in entering summary final judgment against the sellers. Paragraph six of the contract in question[3] plainly confers upon the sellers the option to sue the buyer for money damages. Moreover, Florida Rule of Civil Procedure 1.110(g) permits a party to state alternative and inconsistent claims or defenses. Cordell v. World Insurance Company, 358 So.2d 223 (Fla. 1st DCA 1978). By asserting Count II of the complaint, the sellers simply opted for the alternative remedy of money damages authorized by the substantive law. Miller v. Rolfe, 97 So.2d 132 (Fla. 1st DCA 1957).
In this posture, the only question before the trial court, as here, is whether there were any disputed questions of fact concerning breach of the contract by the buyer or election of inconsistent remedies by the sellers. As to this issue, the buyer's original attorney in the transaction filed an affidavit, based on "information and belief," that a settlement had been effected. That affidavit was tendered in connection with the affirmative defense of compromise and settlement with respect to Count I of the complaint. Since the affidavit was based on information and belief rather than personal knowledge, it was not admissible into evidence and should not have been considered by the trial court. Fla.R.Civ.P. 1.510(e); § 90.604, Fla.Stats. (1979); First Mortgage Investors v. Boulevard National Bank of Miami, 327 So.2d 830 (Fla.3d DCA 1976); Silber v. Campus Sweater & Sportswear, 313 So.2d 409 (Fla. 1st DCA 1975). Moreover, the same attorney had initially admitted the buyer's breach of contract, and although in his affidavit based on information and belief he stated settlement had been effected, he later, by way of deposition, stated there had never been a settlement. The sellers' attorney, however, filed an affidavit, based upon personal knowledge, indicating performance by the sellers of all conditions precedent to performance of the contract. This affidavit included a statement that the partial deposit of $1,000 remained in his escrow account, undisbursed. Therefore, there had been no forfeiture or election to exclusively seek the monies deposited as the sellers' remedy. Consequently, the sellers had conclusively demonstrated that there was no genuine issue as to any material fact with respect to breach or election of remedies and that the sellers were entitled to partial summary judgment as a matter of law against the buyer.
*1334 For the foregoing reasons, the summary final judgment entered with respect to Count I of the complaint is affirmed. With respect to Count II of the complaint as to the issue of liability, summary final judgment in favor of the appellee is reversed with directions to the trial court to enter a partial summary final judgment in favor of the appellants and to entertain further proceedings on the issue of damages.
Affirmed in part; reversed in part and remanded.
NOTES
[1] Paragraph six of the contract reads as follows:

DEPOSIT: Checks issued for the deposit on this contract, will be promptly deposited in a bank for clearance and the holder of the deposit will not be responsible for non-payment of checks. Deposit funds shall be held in escrow or trust accounts until the sale is closed. If the seller does not execute the contract, the deposit will be returned to the buyer. If the contract is executed by both the buyer and the seller and the sale is not closed because of the fault of the buyer, the deposit paid hereunder may be retained by the seller as liquidated damages, the seller paying one half thereof not to exceed the full amount of the brokerage fee, and this contract shall be terminated, or seller may at his option, enforce this contract by legal proceedings, in which event, the buyer agrees to pay all costs, including reasonable attorney's fees. If, after proper execution by both parties, the sale is not closed because of the fault or refusal of the seller, the buyer may enforce this contract by legal action, in which event, seller agrees to pay all costs, including reasonable attorney's fees or the buyer may elect to accept return of his deposit. If the sale is not closed due to default or failure on the part of the seller, the seller shall be obligated to pay the full real estate brokerage fee to the Broker. In the event it shall be necessary for the Broker/Brokers to enforce collection of the payment of the real estate brokerage fee, the seller shall be obligated to pay reasonable attorney's fees and court costs to the Broker/Brokers.
[2] Since parties to the contract have the power to provide for remedies, Vol. 5 A Corbin on Contracts § 1227, an alert scrivener may properly draft an instrument that avoids the rule in Brown v. Fine, supra. An inevitable problem that will arise in enforcing such an agreement is whether the parties intended the deposit as "liquidated damages" or a "penalty." See Vol. 17 Fla.Jur.2d Damages §§ 99-105. In this case, we agree with the trial court that the contract in question is not altogether free of ambiguity on the point.
[3] See note 1.