408 So.2d 857 (1982)
G. Edwin BRUCE III and Thayer Corporation, Appellants,
v.
AMERICAN DEVELOPMENT CORPORATION and Kenneth Mamula, Appellees.
No. 81-257.
District Court of Appeal of Florida, Third District.
January 26, 1982.
Leesfield & Blackburn, Daniels & Hicks and Patrice A. Talisman, Miami, for appellants.
Lapidus & Stettin and Richard L. Lapidus, Miami, for appellees.
Before HENDRY, NESBITT and BASKIN, JJ.
PER CURIAM.
The plaintiff appeals the final order dismissing appellants' amended complaint with prejudice.
The owner of an apartment building listed it with the plaintiff, a real estate broker, to procure a purchaser, ready, willing, and able to purchase the property. The broker contacted the defendant with regard to the listing. It is alleged that the corporation *858 represented that its agent had the authority to act on behalf of the corporation and that the corporation was a ready, willing, and able purchaser. When the sale was not consummated, the broker brought suit against the seller. After termination of that action on the pleadings, this action was brought against the prospective purchaser on the following theories: (1) fraud and deceit; (2) negligent misrepresentation in stating that the agent had authority to bind the corporation; and (3) tortious interference. We affirm the trial court's dismissal of the amended complaint.
In the absence of an agreement to the contrary or written contract, the purchaser is not responsible for a brokerage commission. Tutko v. Banks, 167 So.2d 110 (Fla.3d DCA 1964).
A prospective purchaser of property is not liable to a broker for showing an interest in property and then failing to make the purchase. Because the purchaser was not obligated, there can be no fraud, misrepresentation, or interference with a contractual relationship.
An unfulfilled promise to perform something in the future is not actionable. Brod v. Jernigan, 188 So.2d 575 (Fla.2d DCA 1966). For a complaint to state a cause of action for misrepresentation, there must be a right to rely. Butts v. Dragstrem, 349 So.2d 1205 (Fla. 1st DCA 1977), cert. denied, 361 So.2d 831 (Fla. 1978). Clearly, one is not justified in relying upon some action which the other party is not required to perform. There can be no interference with a contractual relationship where the action complained of is undertaken to safeguard or promote one's financial or economic interest. Ethyl Corporation v. Balter, 386 So.2d 1220 (Fla.3d DCA 1980). The prospective purchasers, acting in their own best interest, had the right not to consummate the transaction.
Based on the foregoing, we affirm.