424 So.2d 204 (1983)
Jack Y. WILLIAMS and G. Rita Ala, Appellants,
v.
John J. STEWART, Appellee.
No. 82-32.
District Court of Appeal of Florida, Second District.
January 5, 1983.
Joseph R. Miele, St. Petersburg, for appellant Williams.
Jack S. Carey of Carey & Harrison, St. Petersburg, for appellant Ala.
James E. Deakyne, Jr. and Robert F. Nunez, St. Petersburg, for appellee.
CAMPBELL, Judge.
While attending a small social gathering, Dr. John Stewart met Jack Williams, a licensed, Florida real estate broker. Dr. Stewart told Williams he needed to shelter *205 some income and asked Williams to find some property for him. Subsequently, Williams learned of the availability of the Plantation Inn through its listing broker, G. Rita Ala, and, after showing this property to Dr. Stewart, the parties entered into a contract for sale. This contract specifically provided that the seller was responsible for paying the broker's commission to Ala and Williams.
At the doctor's request, this contract was made subject to an engineering report on the property. Williams, accordingly, hired an engineer who reported that the property needed only minor repairs. The parties then set closing for February 27, 1978.
Sometime prior to closing, Dr. Stewart learned that the roof leaked, and, at the closing, he said he did not want to close because of the roof. He also complained that the contract was messy and that he wanted his brother, an attorney, to examine it. Williams and Ala offered to pay for a new roof even though they did not believe a new one was needed. The vendors also maintained that the building did not need a new roof. The closing never occurred, and Dr. Stewart later demanded return of his earnest money, which demand was refused.
The doctor then sued the brokers for damages arising from the loss of his earnest money. They answered and counterclaimed, alleging breach of the real estate contract, breach of an implied promise to complete the transaction, and breach of an agreement to pay a broker's commission. The trial court entered summary judgment for the doctor on these counterclaims, and the case continued to trial on the remaining issues. The jury found for the brokers. Williams and Ala then appealed the entry of summary judgment on their counterclaims, and Dr. Stewart cross-appealed the adverse jury verdict.
Generally, absent some agreement to the contrary, a purchaser breaching a contract for sale of real property is not liable to the broker for his commission. Bruce v. American Development Corp., 408 So.2d 857 (Fla. 3d DCA 1982); Belk v. Oehlert, 324 So.2d 668 (Fla. 4th DCA 1975); Tutko v. Banks, 167 So.2d 110 (Fla. 3d DCA 1964). A broker must usually look to the vendor for his commission. Borinsky v. Cohen, 86 So.2d 814 (Fla. 1956); Moss v. Sperry, 140 Fla. 301, 191 So. 531 (1939).
Here, the contract specifically stated that only the seller was obligated to pay the broker's commission. Nevertheless, appellants have argued that appellee impliedly promised to complete the transaction and that this implied promise was a contract separate from the express written contract. There is only one contract here, that being the express contract signed by all the parties to the transaction. A conclusion that there was also an oral, implied promise by the purchaser to complete the transaction would violate the statute of frauds. In any event, where there is an express agreement, the law will not imply one. Jacksonville American Publishing Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672 (1940); Hazen v. Cobb-Vaughan Motor Co., 96 Fla. 151, 117 So. 853 (1928). The brokers provided the contract, and if they wished to make the purchaser liable for their commissions under certain circumstances, they could have done so. We recognize that other jurisdictions have reached contrary results regarding the liability of a purchaser for a real estate broker's commission when he makes no express, written agreement to pay that commission. See, e.g., Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528, 236 A.2d 843 (1967). However, this is a minority view which does not obtain in Florida. See 30 A.L.R.3d 1395.
Finally, regarding the allegations that appellee breached the real estate contract, clearly he had the right to do so and to suffer, as a result, the loss of his earnest money deposit. All parties, including the broker, agreed in writing that this would be the appropriate remedy in the event of a breach by appellee. Therefore, appellants cannot now seek additional damages from appellee over and above the earnest money deposit. Accordingly, we affirm the summary judgment entered on appellants' counterclaims.
*206 We have examined the points raised by appellee on cross-appeal and find them to be without merit.
AFFIRMED.
OTT, C.J., and BOARDMAN, J., concur.