436 So.2d 399 (1983)
Andrew BRUSKO, Jr., Appellant,
v.
CIRCLE OF SEMINOLE, INC., a Florida Corporation, Appellee.
No. 82-2829.
District Court of Appeal of Florida, Second District.
August 19, 1983.
Robert K. Hayden, Clearwater, for appellant.
*400 Peter T. Hofstra of DeLoach & Hofstra, P.A., Seminole, for appellee.
CHEATWOOD, J.C., Associate Judge.
Andrew J. Brusko, plaintiff below, appeals a final judgment awarding him $5,000 in damages rather than the $9,000 that he had requested in his complaint. We reverse and remand for entry of judgment in Brusko's favor for the entire $9,000.
Brusko entered into a written contract to purchase real property from appellee, The Circle of Seminole, Inc. ("Seminole"). At the time he signed the contract, on October 18, 1980, Brusko delivered to Seminole the sum of $1,000, which was stated in the contract to be an earnest money deposit made in part payment of the total purchase price of $39,500. The contract also provided, "Additional payment of $9,000.00 due on or before November 15, 1980."
Brusko timely paid the $9,000 sum but did not close on the contract. Upon Brusko's default, Seminole retained the entire $10,000 paid by Brusko. Brusko sued Seminole, admitting that the real estate contract would allow Seminole to retain the $1,000 earnest money deposit paid when the contract was signed, but claiming that retention by Seminole of the other $9,000 was improper. The contract provided that, if Brusko failed to perform, Seminole could terminate the contract "and the purchaser shall forfeit said earnest money or deposit; [sic] and the same shall be retained by the Seller, as liquidated damages... ."
In its answer to the complaint, Seminole claimed that the entire $10,000 was earnest money subject to the liquidated damages clause in the contract. In its counterclaim, Seminole also asked for actual damages because it had been required to pay real estate tax on the property and a real estate commission. In his affirmative defenses to Seminole's counterclaim, Brusko responded that Seminole was entitled to no damages other than the $1,000 earnest money deposit.
After a nonjury trial, the trial court found that the $1,000 was an earnest money deposit subject to the liquidated damages clause and that Seminole had not established that the additional $9,000 was to be applied toward damages in the event of a default. The court further found that Seminole was entitled to $4,000 in actual damages. Thus, the trial court ordered Seminole to return the $9,000, after setting off the $4,000 damage award, leaving a $5,000 judgment in favor of Brusko.
We find that the trial court should have entered judgment for Brusko for the entire $9,000. Once the trial court determined that only the $1,000 earnest money deposit was subject to the liquidated damages clause, he should not have awarded damages in excess of that sum. As in Williams v. Stewart, 424 So.2d 204 (Fla. 2d DCA 1983), the parties had agreed that forfeiture of the purchaser's earnest money deposit would be the appropriate remedy in the event of a breach by the purchaser. This court held that the vendors in Williams were not entitled to seek from the purchaser any damages over and above the earnest money deposit contrary to the terms of the contract. 424 So.2d at 205.
Accordingly, this cause is REVERSED and REMANDED to the trial court for entry of judgment for Brusko in the amount of $9,000.
RYDER, A.C.J., and CAMPBELL, J., concur.