508 So.2d 514 (1987)
Manfred BRECKER and Ann Brecker, Appellants/Cross Appellees,
v.
Donald FURMAN and Dorothy Furman, Appellees/Cross Appellants.
No. 85-2686.
District Court of Appeal of Florida, Fourth District.
June 10, 1987.
Rehearing Denied July 7, 1987.
Popkin & Shurpin and Amy Shield Levine of Levine & Levine, Boca Raton, for appellants/cross appellees.
Daniel Mones, P.A., and Frank M. Marks, Miami, for appellees/cross appellants.
WALDEN, Judge.
Mr. and Mrs. Furman (Purchasers) contracted in writing to purchase real property from Mr. and Mrs. Brecker (Sellers). The Purchasers defaulted and the Sellers brought suit for breach of contract and damages.
The contract provided in material part:

2. (a) Deposit to be held in escrow by
 Sellers' attorney, Popkin & Shurpin. $ 1,000.00
 (b) Additional deposit on execution of
 contract by Seller, time being of
 essence. 16,700.00
 ... .

L. DEFAULT:
1. DEFAULT BY BUYER: If Buyer fails to perform the Contract within the time specified, the deposit(s) made or agreed to be made by Buyer may be retained or recovered by or for the account of Seller as liquidated damages, consideration for the execution of the Contract and in full settlement of any claims; whereupon all parties shall be relieved of all obligations under the Contract; or Seller, at his option, may proceed at law or in equity to enforce his rights under the Contract. [Emphasis supplied.]
... .
M. MISCELLANEOUS:
... .
7. ATTORNEY'S FEES AND COSTS: In any litigation (including all appeals) arising out of the Contract involving Seller or Buyer or Broker or Escrow Agent, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney's fees.
*515 The Purchasers made the $1,000.00 deposit referred to in paragraph 2(a). The Purchasers did not make the additional deposit of $16,700.00 referred to in Paragraph 2(b), although obliged to do so under the terms of the contract.
The Sellers sued for breach of contract on the part of the Purchasers and sought damages in the amount of $16,700.00 (the additional deposit required by the contract), plus the initial deposit of $1,000.00, along with interest, court costs, and reasonable attorney's fees.
In a non-jury presentment, final judgment was entered in favor of the Sellers for a total of $9,307.79. It appears that this sum was reached by including the $1,000 deposit actually made, plus interest thereon in the sum of $206.79, plus attorney's fees of $8,000 and $101 as costs, based on a finding that the Sellers were the prevailing party.
The Sellers appealed, contending that the trial court should have awarded them an additional sum of $16,700 because Buyers agreed to make an additional deposit of $16,700, but failed to do so. Sellers claim they are entitled to the $16,700 because the Default By Buyers clause provides that deposits made or agreed to be made by the Purchasers may be retained or recovered by the Sellers as liquidated damages. We agree with the Sellers' contention and, therefore, reverse and remand with instructions to enter judgment in favor of Sellers for the additional sum of $16,700.00, plus interest thereon.
In entering Final Judgment in favor of the Sellers for damages in the principal amount of One Thousand Dollars ($1,000.00) the trial court specifically relied upon Freitag v. Lakes of Carriage Hills, Inc., 467 So.2d 708 (Fla. 4th DCA 1985); Brusko v. Circle of Seminole, Inc., 436 So.2d 399 (Fla. 2d DCA 1983); Makris v. Williams, 426 So.2d 1186 (Fla. 4th DCA 1983); and Stewart v. Mehrlust, 409 So.2d 1085 (Fla. 2d DCA 1982). Each of these four cases concerns a default by a Buyer who contracted to purchase real property. However, the default provisions of the contracts in these cases were written to permit the Seller to retain only the deposit actually paid by the Buyer. In contrast to the instant case, the cases include no contractual provision forfeiting the deposits "made or agreed to be made by the Buyer." For instance, the actual provisions of the contracts (relied upon by the trial court) are set forth as follows: Freitag v. Lakes of Carriage Hills, Inc., (Seller's liquidated damages are "[e]qual to the amount of the total deposit made by the purchaser."); Brusko v. Circle of Seminole, Inc., ("[P]urchaser shall forfeit said earnest money or deposit; [sic] and the same shall be retained by the Seller, as liquidated damages ..."); Makris v. Williams, ("If buyer fails to perform any of the covenants of this contract, all money paid pursuant to this contract by buyer as aforesaid shall be retained by or for the account of the seller as consideration for the execution of this contract and as agreed liquidated damages and in full settlement of any claims for damages.") [Emphasis added]; and Stewart v. Mehrlust, ("If Buyer fails to perform this Contract within the time specified, the deposit(s) paid by the Buyer aforesaid may be retained by or for the account of Seller as liquidated damages, consideration for the execution of this Contract and in full settlement of any claims; ...").
It has been recognized that a contract may be drafted in such manner as to allow the forfeiture not only of a deposit actually made but, in addition, a deposit that was agreed to be made. In Campbell v. Salman, 384 So.2d 1331 (Fla. 3d DCA 1980), a seller sued a buyer for his failure to complete the purchase of a house under contract. The contract there provided in part:
If the contract is executed by both the buyer and the seller and the sale is not closed because of the fault of the buyer, the deposit paid hereunder may be retained by the seller as liquidated damages, the seller paying one half thereof not to exceed the full amount of the brokerage fee, and this contract shall be terminated, or seller may at his option, enforce this contract by legal proceedings, in which event, the buyer agrees to *516 pay all costs, including reasonable attorney's fees.
384 So.2d at 1332 n. 1.
Under the Campbell contract the total required deposit was $15,000. The sum of $1,000 had actually been deposited in escrow. Upon acceptance of the offer by the sellers, the buyer was to deposit an additional $14,000 as the remainder of the earnest money. Instead of making this final deposit, the buyer reneged and the seller sued. The trial court construed the contract to limit damages to the deposit paid, i.e., $1,000. The appellate court affirmed stating:
The sellers correctly contend that a reading of the entire contract and a reasonable construction thereof evinces an intention of the parties that the buyer was required to deposit the sum of $15,000. See 11 Fla.Jur.2d Contracts § 121. We have no quarrel with that principle but in view of our holding, in Brown v. Fine, 102 So.2d 830 (Fla.3d DCA 1958), that the seller may not recover earnest money not actually deposited, we find that the trial court properly entered summary judgment against the sellers with respect to Count I of the complaint.
384 So.2d at 1333. However, in a footnote, the appellate court recognized that contracts may be drafted in such a way as to award damages for the total amount to be paid:
Since parties to the contract have the power to provide for remedies, Vol 5 A Corbin on Contracts § 1227, an alert scrivener may properly draft an instrument that avoids the rule in Brown v. Fine, supra. An inevitable problem that will arise in enforcing such an agreement is whether the parties intended the deposit as "liquidated damages" or a "penalty." See Vol. 17 Fla.Jur.2d Damages §§ 99-105. In this case, we agree with the trial court that the contract in question is not altogether free of ambiguity on the point.
We digress to note that there has been no suggestion or issue made as to whether the deposit(s) was "liquidated damages" or a "penalty."
In light of our holding that this case should be reversed, it is manifest that the Sellers "prevailed" and thus are entitled to the award of attorney fees and costs under the terms of the contract.
Reversed and Remanded for further proceedings consistent herewith.
HERSEY, C.J., and DOWNEY, J., concur.