PEARSON, TILLMAN (Ret.), Judge.
The plaintiff, appellant, brought an action to recover a real estate commission. Its amended complaint was dismissed without leave to further amend, and this appeal followed. The only unusual thing about the amended complaint is that the plaintiff claims an oral contract between it and the defendants, prospective purchasers, to pay plaintiff a brokerage commission for its services if it obtained land for the defendants to purchase. The complaint continues with allegations that the plaintiff did obtain land for defendants to purchase and that the defendants and the seller executed a binding contract for the purchase and sale of the land but that defendants thereafter failed to go forward on their contract to purchase. We hold that the complaint states a cause of action, and reverse.
A real estate broker may not recover a commission from a prospective purchaser unless the purchaser has contracted to pay such commission. Borinsky v. Cohen, 86 So.2d 814 (Fla.1956); Williams v. Stewart, 424 So.2d 204 (Fla. 2d DGA 1983); Bruce v. American Development Corp., 408 So.2d 857 (Fla. 3d DCA 1982). In this case, however, the appellant has specifically alleged an oral agreement by the prospective purchaser to pay a commission.
Attached to the complaint are several documents which are important because of defendants’ claim that the documents con *1351 clusively show that plaintiff cannot recover. These exhibits are: (1) the contract whereby defendants agreed with the seller to purchase the property, (2) an amendment to the same contract, (3) a “hold harmless agreement” wherein the defendants agreed to indemnify the seller for any claims for a real estate commission, and, (4) an agreement between plaintiff and another broker to share any commission paid upon the transaction.
Defendants first urge that a notation on the contract for sale and purchase provides for payment of the commission to another broker, Appelquist & Ripley, Inc. The unsigned notation says simply:
Buyer to pay 10% professional fee to Appelquist & Ripley, Inc. to be shared equally with Edgar Realty
This unsigned notation is not a bar to plaintiffs claim.
Defendants’ second contention is that because the signed contract for sale and purchase provided that the purchasers could forfeit their deposit and then be free of all obligations under the contract, and because this contingency is shown by the other exhibits to have actually happened, the purchasers are free of their promise to pay a commission. Since the plaintiff is not a party to this presumed release it cannot be bound by it.
We conclude that the complaint states a cause of action. Accordingly, the judgment is reversed, and the cause remanded for further proceedings in accordance herewith.
Reversed and Remanded.
SHIVERS and ZEHMER, JJ., concur.