THOMPSON, Judge.
Coretta Brown (“Brown”), a minor, “by and through her mother and next friend grandmother, Mary Lee Andrews,” individually, appeals an order which dismissed Brown’s negligence complaint without prejudice.
Brown filed a pro se complaint against the Orlando Housing Authority (“the Authority”) and others alleging that the Authority was negligent in allowing her to contract lead poisoning in the dwelling it rented to her family. Attached to the complaint was a letter from the Department of Health and Rehabilitative Services which stated that Brown had Class IIB lead poisoning, and another letter which stated that the family would be moved to an apartment that did not contain lead paint. The Authority alleged in its motion to dismiss that Brown had not complied with section 768.28, Florida Statutes (1993), which requires that the claim be presented to the Department of Insurance within three years of the time the claim accrues. Further, the Authority argued, Brown failed to state a cause of action in that she did not allege a duty of care, breach of a duty of care, damages, or sufficient ultimate facts to show when the cause of action accrued for purposes of the statute of limitations. The trial court granted the motion without stating any grounds. We dismiss the appeal for lack of jurisdiction.
The Authority urges us to dismiss the appeal because, although the appealed order is not in terms “without prejudice,” the court’s intent was that Brown could amend her complaint. Florida Rules of Appellate Procedure 9.110 and 9.130 delimit the types of final and non-final orders that are renewable, and this court has held that an order dismissing a complaint without prejudice is not an appealable final or non-final order. Welch v. Resolution Trust Corp., 590 So.2d 1098 (Fla. 5th DCA 1991); EIR, Inc. v. Electronic Molding Corp., 540 So.2d 260 (Fla. 5th DCA 1989). We dismiss, however, because the appealed order merely grants a motion to dismiss, and the appeal is therefore premature and subject to dismissal. Arcangeli v. Albertson’s Inc., 550 So.2d 557 (Fla. 5th DCA 1989); Fla.R.App.P. 9.110(m). Although this court has discretion to allow the trial court to enter a final order, it is obvious from the record and the initial brief that Brown and the other laypersons apparently “assisting” her would not benefit from that exercise. The appeal is dismissed without prejudice.
APPEAL DISMISSED.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs specially, with opinion in which DAUKSCH, J., concurs.