691 So.2d 563 (1997)
PETERSON HOMES, INC., a Florida Corporation, Appellant,
v.
Karen Ray JOHNSON, Appellee.
No. 96-811.
District Court of Appeal of Florida, Fifth District.
April 11, 1997.
James E. Shephard of Pohl & Short, P.A., Winter Park, for Appellant.
*564 No appearance for Appellee.
THOMPSON, Judge.
Peterson Homes, Inc., appeals from an order dismissing its breach of contract claim without prejudice. Ordinarily, an order dismissing a complaint without prejudice is not an appealable final or non-final order. Brown v. Housing Authority of Orlando, 680 So.2d 620 (Fla. 5th DCA 1996); Welch v. Resolution Trust Corp., 590 So.2d 1098 (Fla. 5th DCA 1991). See Fla.R.App.P. 9.110, 9.130. However, this order dismisses Peterson Homes' claim because the "failure of the Defendant to pay the deposit constitutes lack of consideration necessary to create a binding contract." This determination, if correct, is fatal to the breach of contract action, and the perceived flaw cannot be corrected in an amended complaint. Because the order disposes of the cause on its merits, leaving no issues for judicial determination, it is sufficiently final to be reviewed by this court. Eagle v. Eagle, 632 So.2d 122 (Fla. 1st DCA 1994).
Peterson Homes and Appellee, Karen Ray Johnson ("Johnson"), entered into a contract for the sale of real property. Therein, Johnson agreed to pay $1.1 million for the property and to deposit $600,000 earnest money in escrow upon Peterson Homes' acceptance of the contract. In addition, the contract contained a liquidated damages clause which provided that if Johnson failed to perform, Peterson Homes could retain all deposits paid and agreed to be paid.[1] Johnson failed to make the deposit after the contract was accepted and failed to appear at the closing. Peterson Homes filed suit against Johnson for breach of contract, and a default was entered against her. Thereafter, Peterson Homes moved for a default judgment, seeking $600,000 in damages pursuant to the liquidated damages provision in the contract. However, the trial court concluded that since Johnson failed to pay the $600,000 deposit, the parties' agreement lacked the consideration necessary to create a binding contract. We disagree.
The consideration which creates a valid contract for the sale of real property is the purchaser's promise to pay. Parker v. Weiss, 404 So.2d 820 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 468 (Fla.1982). In the instant case, Johnson's promise to purchase the property on the date of closing created a binding executory contract which provided for the recovery of deposits paid or agreed to be paid. See Brecker v. Furman, 508 So.2d 514, 515 (Fla. 4th DCA) (holding that "[i]t has been recognized that a contract may be drafted in such a manner as to allow the forfeiture not only of a deposit actually made but, in addition, a deposit that was agreed to be made"), rev. denied, 518 So.2d 1274 (Fla. 1987). No portion of the earnest money deposit had to be paid at the time the agreement was signed. Therefore, the trial court erred in concluding that no binding contract existed.
REVERSED and REMANDED.
ANTOON, J., concurs.
PETERSON, C.J., concurs specially with opinion.
PETERSON, Chief Judge, concurring specially.
I concur with the majority and write only to add the caveat that the citation to Brecker should not be interpreted to mean that we have established as the law of the case that the $600,000 anticipated deposit is the amount of liquidated damages. That issue fully remains to be resolved. The decision made today merely confirms that the parties are bound by the terms of the contract even though the deposit was never paid by Johnson.
NOTES
[1] Section S of the contract reads:

FAILURE OF PERFORMANCE:
If Buyer fails to perform this Contract within the time specified, including payments of all deposit(s), the deposit(s) paid by Buyer and deposit(s) agreed to be paid, may be retained by or for the account of Seller as agreed upon liquidated damages, consideration for the execution of this contract and in full settlement of any claims; whereupon Buyer and Seller shall be relieved of all obligations under this contract. (emphasis supplied).