# Third District Court of Appeal

## State of Florida

Opinion filed November 4, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1969
Lower Tribunal No. 10-20591
_____


**Markwood Investments Limited, et al.,**
Appellant,

vs.

**Latam Investments, LLC, et al.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Hon. Eric William Hendon, Judge.

Berrio & Berrio, P.A., and Juan D. Berrio, Giorgio L. Ramirez, and Raul E. Espinoza, for appellant, Markwood Investments Limited.

Moscowitz & Moscowitz, P.A., and Jane Moscowitz, for appellees, Carlos Fuenmayor, Christian Lovera, and BancTrust & Co. Holdings.


Before WELLS, SHEPHERD, and LOGUE, JJ.

LOGUE, J.

The Appellees move to dismiss on the basis that the order on appeal is not final. The order states that "this Court dismisses the First Amended Complaint in this action without prejudice" for the express reason that the Appellant's cause of action is barred because "all elements of collateral estoppel under federal law have been met in the Order on Trial and Corrected Final Judgment of the Bankruptcy Court, issued December 11, 2014 and March 8, 2015, respectively, in Case Number 10-02122-LMI."

The order contains an unfortunate and unnecessary element of ambiguity concerning whether it is final. First, it dismisses only the complaint (and not the case) and only "without prejudice," two indications the order is non-final. The order then changes direction by finding that the Appellants' claim is barred by collateral estoppel, in which case the ability to amend is futile and all judicial labor is at an end, indicating the order is final.

Such ambiguous orders create problems. First, they waste the time of the judges, lawyers, and court clerks who must puzzle over their finality. Second, they set a trap for the unwary. A party may be misled into thinking the order is non-final, when it is not, and thereby fail to appeal timely. Conversely, a party may be misled into thinking the order is final, when it is not, and thereby appeal prematurely. See, e.g., Brown v. Hous. Auth. of City of Orlando, 680 So. 2d 620, 621 (Fla. 5th DCA 1996) (Griffin, J., concurring) ("Much time and energy has

been wasted in this case . . . because of the lower court's entry of an improper form of order.").

Many things in law are difficult. Writing a clear and unambiguous order of dismissal is not one of them. See GMI, LLC v. Asociacion del Futbol Argentino, 40 Fla. L. Weekly D1969 (Fla. 3d DCA Aug. 26, 2015) ("An appropriate order dismissing . . . might read 'The motion to dismiss is granted. The plaintiff [name]'s complaint and case against defendant [name] are dismissed. The court reserves jurisdiction to consider a timely motion for costs and attorney's fees.'").

The ambiguity in the order at issue is similar to the ambiguity in the order at issue in Peterson Homes, Inc. v. Johnson, 691 So. 2d 563 (Fla. 5th DCA 1997). There, the appealed order dismissed a complaint without prejudice on the express basis that the plaintiff's cause of action for breach of contract was barred by the defendant's failure to make a required deposit. Id. at 564. In deciding the order was final, this court reasoned that the trial court's "determination, if correct, is fatal to the breach of contract action, and the perceived flaw cannot be corrected in an amended complaint." Id. Following the reasoning of Peterson Homes, we hold that if the trial court's determination that Appellants' claim is barred by collateral estoppel is correct, such a defect cannot be remedied by amending the complaint and, therefore, the order at issue is "sufficiently final to be reviewed by this court." Id.

Motion denied.