CRYSTAL RIVER LUMBER COMPANY, A FLORIDA CORPORATION, *Plaintiff in Error*, v. CONSOLIDATED NAVAL STORES COMPANY, A FLORIDA CORPORATION, *Defendant in Error*.

1. A declaration against a domestic corporation upon a note made by it in the county but payable elsewhere is not defective for failing to allege that the corporation had an office in that county.

2. The right of a domestic corporation to be sued only in a county where it has an office, is not jurisdictional, and the fact must appear and be claimed, before error can be predicated upon a deprival of that right.

3. In an action upon a promissory note of a corporation, under the single plea of payment, the omission of the words "Treasurer, Assistant Treasurer," from the note attached to the declaration is immaterial.

4. An assignee of a negotiable instrument for a pre-existing debt is a holder for value.

Writ of error to the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the court.

*A. B. & C. C. Small,* and *M. F. Horne,* for Plaintiff in Error.

*E. J. L'Engle* and *H. M. Hampton,* for Defendant in Error.

COCKRELL, J.—The Naval Stores Company recovered judgment upon a note given by the Lumber Company. The declaration is in the usual statutory form, alleging endorsement by the payee R. J. Knight to the plaintiff, for value before maturity. The note attached bears date at White Springs, Florida, and is payable at Valdosta, Georgia.

After general appearance the defendant demurrer upon two grounds, the first being that the declaration fails to show jurisdiction of the parties or cause of action, and the second that it does not appear that the action accrued in Hamilton County, or that the defendant had an office there for the transaction of its customary business. The first ground may be almost ignored, the parties were before the court, voluntarily so far as we know, and the amount involved exceeded five thousand dollars.

The second ground is predicated upon Section 1386 of the General Statutes, which provides: "Suits against domestic corporations shall be commenced only in the county (or Justice's district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is; and in the case of companies incorporated in other States or counties, and doing business in this State, suits shall be commenced in a county or justice's district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated."

The quoted section does not speak to the jurisdiction of the court, but confers a privilege upon domestic corporations, which the older law, section 1383, conferred upon natural persons, that of being sued in their resident counties. There is nothing upon this record to indicate that the Lumber Company did not have its office in Hamilton County, where the note was made, and the jurisdiction of the court was ample. Gibbs v. Davis, 27 Fla. 531, 8 South. Rep. 633; Bishop v. Camp, 39 Fla. 517, 22 South. Rep. 735. To put the court in error for refusing the privilege allowed by law, there must be affirmative showing that the action was brought in a county where the defendant corporation did not have an office and that it claimed the privilege. Baker & Holmes Co. v. Indian River State Bank, 61 Fla. 106, 55 South. Rep. 836.

At the trial before a referee, the plaintiff offered in evidence the note over the objection that there was a variance between the note offered and the copy attached to the declaration. The only plea interposed was that of payment to the payee and notice thereof before assignment to this plaintiff of the note. If the objection be open upon that issue, it is founded on too narrow a foundation, the only possible variance being that in the copy of the note, following the signature, the words "Treasurer, Assistant Treasurer" were omitted. It is evident that these were mere printed forms to be used for convenience, according to the officer who happened to sign the note; the only possible material point being the authority of the one signing the corporate name.

There are several assignments based upon the refusal to allow certain questions propounded on cross examination to R. J. Knight, the payee, who testified for the plaintiff that he assigned the note before maturity and

that it had not then been paid. No attempt was made to disprove these facts, but it was sought to show that the note was assigned as collateral for a pre-existing debt, and that Knight was several years afterwards, at the time of the trial indebted both to the Naval Stores Company and the Lumber Company. There was no effort to disparage the credibility of the witness and it was not attempted to show by this witness that the note was at that time paid; the only claim of materiality here urged is upon the false assumption that one who takes a negotiable paper for an antecedent debt is not a holder for value; our Negotiable Instrument Law is precisely to the contrary. Gen. Stats. Sec. 2959.

The judgment rendered was the only one possible upon the evidence to be rendered, and it is affirmed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND HOCKER, J. J., concur.