# DECISIONS

## OF THE

# Supreme Court of Florida

### JANUARY TERM, A. D. 1921.

CITY OF DEFUNIAK SPRINGS, FLORIDA, A MUNICIPAL COR-
PORATION, *Appellant*, v. LOUISVILLE & NASHVILLE RAIL-
ROAD COMPANY, A CORPORATION, *Appellee*.

Opinion Filed July 12, 1920.

Petition for Rehearing Denied February 10, 1921.

1. Where a railroad is operated over a street that divides the
city into two parts so that it is impossible for the public to
go from that part of the city lying on one side of the street
to that part lying on the other side, without passing over
the tracks and right-of-way of the railroad, the public has a
right to cross the railroad tracks and right-of-way at any
point unless prohibited by law, and such crossing by the pub-
lic is not an appropriation "of private property or right-of-
way" in contravention of Article XVI, Section 29, of the Con-
stitution of Florida.

2. Where a railroad is operated over a street that divides the
city into two parts so that it is impossible for the public
to go from that part of the city lying on one side of the
street to that part lying on the other side, without passing
over the tracks and right-of-way of the railroad, and the
city under its police power for the protection of the rail-
road and the safety of the public, may prohibit the passage
over the railroad tracks and right-of-way by the public ex-
cept at such points as the city may designate, and may re-
quire the railroad to provide safe and convenient means of
passage at such points.

3.   The public has a right to go from one part of the city to the other, and this right is superior to the right of the railroad to maintain its tracks and operate its trains through the city. The city council has the right in the exercise of a sound discretion to determine at what points the public shall cross the right of way and tracks of the railroad company, and may establish such points as are required for the convenience of the public in the transaction of its business or for such other purposes as are common to the inhabitants of a city.

An Appeal from the Circuit Court for Walton County; A. G. Campbell, Judge.

Decree reversed.

*Wm. W. Flournoy,* for Appellant;

*Blount & Blount & Carter,* for Appellee.

BROWNE, C. J.—This is a suit brought by the Louisville & Nashville Railroad Company to restrain and enjoin the corporate authorities of the City of DeFuniak Springs from establishing or maintaining a crossing over the railroad's right of way as an extension of Seventh Street, from compelling the railroad to construct, maintain or establish the same.

The bill alleges, among other things, that the City Council of DeFuniak Springs passed an ordinance requiring the Mayor of the city to notify the complainant to establish and maintain a public crossing over Seventh Street, and that it intends to compel the complainant to establish and maintain a crossing over its right of way as an extension of Seventh Street.

The Pensacola and Atlantic Railroad Company orig-

inally owned the land upon which the City of DeFuniak Springs now stands. Some time in 1883 the railroad company conveyed this land to T. T. Wright without reservin a right of way, although at this time the railroad was constructed and in operation through this land. Wright conveyed it to the Lake DeFuniak Land Company, that laid out the city that is now DeFuniak Springs.

The appellee, the Louisville and Nashville Railroad Company acquired by purchase the Pensacola and Atlantic Railroad, its franchise and rights of way. The railroad runs over the entire length of Baldwin Avenue, a street that extends East and West through the City of DeFuniak Springs, dividing the city into two parts. At the points in controversy it runs approximately in the center of the Avenue. It is impossible for the public to go from that part of the city lying on one side of Baldwin Avenue to that part lying on the other side without crossing the tracks and right of way of the Louisville and Nashville Railroad Company.

Where a railroad is operated over a street that divides the city into two parts so that it is impossible for the public to go from that part of the city lying on one side of the street to that part lying on the other side, without passing over the tracks and right of way of the railroad, the public has a right to cross the railroad tracks and right of way at any point unless prohibited by law, and such crossing by the public is not an appropriation "of private property or right of way in contravention of Article 16, Section 29 of the Constitution of Florida, and the city under its police power for the protection of the railroad and the safety of the public may prohibit the passage over the railroad tracks and right of way by the public except at such points as the city may designate, and may

require the railroad to provide safe and convenient means of passage at such points. To hold otherwise would be to treat the railroad's right of way as an impassable wall separating the city into two parts. As was said in Northern Pac. R. Co. v. City of Spokane, 56 Fed. Rep. 915, "To now cut the city in twain by decreeing that the right of way is, in contemplation of law, a wall without gates or passageways, would be the perpetration of a monstrous wrong."

The public has a right to go from one part of the city to the other, and this right is superior to the right of the railroads to maintain its tracks and operate its train through the city. The City Council has the right in the exercise of a sound discretion to determine at what points the public shall cross the right of way and tracks of the railroad company, and may establish such points as are required for the convenience of the public in the transaction of its business or for such other purposes as are common to the inhabitants of a city.

The decree of the Chancellor granting an injunction and other relief is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.

On Petition for Rehearing.

BROWNE, C. J.—One of the grounds in the petition for rehearing is that this court, in holding that the railroad at the point in controversy runs approximately in the center of the Baldwin Avenue, overlooked the decisions in the cases of McGourin v. Town of DeFuniak Springs, 51 Fla. 502, 41 South. Rep. 541, and Florida Chautauqua Association v. Brown, 63 Fla. 421, 58 South. Rep. 717.

The points in controversy in those cases were not the same as the point in controversy in the instant case, and whatever may have been shown by the evidence in those cases, it was clearly established in the instant case that the railroad track runs approximately in the center of the avenue at Seventh Street.

There was no attempt by the decision in this case, nor is it the effect of the decision to deprive appellee of its property without due process of law. The decision was predicated solely upon the doctrine that where a railroad is operated over a street that divides the city into two parts so that it is impossible for the public to go from that part of the city lying on one side of the street to that part lying the other side, without passing over the tracks and right of way of the railroad, the public has a right to cross the railroad tracks and right of way at any point unless prohibited by law, and such crossing by the public is not an appropriation "of private property or right of way" in contravention of Article 16, Section 29 of the Constitution of Florida, nor does it deprive appellee of its property without due process of law, nor deny it the equal protection of the law, and the city under its police power for the protection of the railroad and the safety of the public may prohibit the passage over the railroad tracks and right of way by the public except at such points as the city may designate, and may require the railroad to provide safe and convenient means of passage at such points. To hold otherwise would be to treat the railroad's right of way as an impassable wall separating the city into two parts.

. The fact that other crossings existed at the time this suit was instituted, and that the railroad had offered to provide others at points different from the one the city

considered necessary for the safety and convenience of the public cannot divest the city of its right under the police power to exercise its discretion and require the establishment of another crossing at a point where the convenience and welfare of the people will be best subserved.

From the evidence in this case we do not see that there was any abuse of discretion on the part of the city in the selection of the point where it desired the additional crossing.

The hearing is denied.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.