271 So.2d 167 (1972)
Paul HOLM, Appellant,
v.
Donald A. WOODWORTH, Appellee.
No. 71-535.
District Court of Appeal of Florida, Fourth District.
September 26, 1972.
*168 John A.W. Camillo, of Howard, Camillo & Payne, Fort Lauderdale, for appellant.
Dieter K. Gunther of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellee.
SILVERTOOTH, LYNN N., Associate Judge.
This is an appeal from final judgment entered pursuant to jury verdict on a note. We have heard oral argument of the parties.
On April 29, 1970, Woodworth sued Holm on a note. The note had attached to it an exhibit which purported to reflect the consideration for the note. The exhibit recited advice and services performed by Woodworth for Holm consisting of four distinct services; that the services performed by Woodworth commenced on January 13, 1967, and ended May 22, 1967.
Holm answered the complaint and set forth as defenses: (1) failure of consideration; (2) that the note was procured by fraud in the inducement and in the execution and was based on misrepresentation made by Woodworth to Holm. There were other defenses not material here.
The judgment note here was executed by Holm. The exhibit setting forth the consideration was attached to the note at the time it was signed.
The parties disagree as to the facts concerning the reason that prompted Holm to execute the instrument.
Holm contends that he executed the note as a result of Woodworth representing to him that certain creditors of a former business that both were engaged in together had complained to the Attorney General of New York regarding security violations attributable to Holm and Woodworth. Since Holm did not have the means to do so, Woodworth represented he would pay to creditors what was owed for both, thereby avoiding trouble with the attorney general's office; however, Woodworth insisted that Holm execute the judgment note which represented Holm's share of the obligation. The creditors were not paid and, later, it was determined there was no violation and they did not have to be paid.
*169 Woodworth's version is that Holm executed the judgment note strictly for services performed as evidenced by the exhibit attached to the note and for no other reason; that the note was given for an antecedent debt.
The appellant raised three points on appeal. In essence, point one is, did the trial court commit error in restricting appellant's cross-examination of Woodworth and the direct examination of Holm where the defense of fraud in the inducement was involved.
The law, of course, is that the trial courts should allow latitude in the examination of witnesses where the issue of fraud is involved, but the questions and answers still must be relevant and material. From an examination of the entire record in this case, no reversible error appears.
Point two basically is, did the trial judge commit error by allowing Woodworth's attorney, over objection, to examine Holm about circumstances that had no tendency to resolve the issues in dispute. Here again, from an examination of the entire record in the case, no reversible error appears.
Point three is the most interesting point on appeal and is the one that counsel for appellant devoted the majority of his oral argument to on the appeal. Point three is whether the jury should have been instructed that their verdict could take into consideration the four separate and distinct considerations, each of which was a liquidated amount, that comprised the face amount of the judgment note.
Holm is saying that there was a partial failure of consideration here and the jury should have had an opportunity to reduce the amount if they found there was a partial failure of consideration and that the trial judge failed to instruct the jury on partial failure of consideration.
The Uniform Commercial Code, on consideration, as provided in Fla. Stat. § 673.408 (1971), F.S.A., says:
"Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (§ 673.305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind. Nothing in this section shall be taken to displace any statute outside this code under which a promise is enforceable notwithstanding lack or failure of consideration. Partial failure of consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount."
No consideration is necessary to support an instrument given in payment of or as security for an antecedent obligation under the Uniform Commercial Code. See also Crystal River Lumber Co. v. Consolidated Naval Stores Co., 63 Fla. 119, 58 So. 129, as to prior Florida law being the same as the code.
In the general law of contracts, want of consideration means a total lack of any valid consideration for a contract, failure of consideration is the neglect, refusal or failure of one of the parties to perform or furnish the consideration agreed on.
In the former negotiable instrument act, it was provided that absence or failure of consideration was a matter of defense as against any person not a holder in due course and that partial failure of consideration was a defense pro tanto and this provision of the act was generally held to require that both want and failure of consideration be treated as affirmative defenses with the burden of proof as to both on the defendants.
The same result is reached by the Uniform Commercial Code under which the burden of proof is the same whether there is an absence or failure of consideration. Both want and failure of consideration are defenses available against anyone not a holder in due course. 4A Fla.Jur., Bills & Notes § 401 (1969).
*170 Both failure and want of consideration are affirmative defenses and must be set forth affirmatively. 25 Fla.Jur., Pleadings § 80 (1959).
Here the appellant failed to plead partial failure of consideration in the lower court. In addition to failure to plead partial failure of consideration, the appellant's position in the court below was that the note was given for an entirely different reason than the appellee claimed. His case was based on fraud and want of consideration, not partial failure of consideration.
The lower court did not commit error by the refusal to give the instruction as requested.
This is the usual case where one litigant says it happened this way and the other side says, no, it didn't, and six good jurors listened to the facts and believed Woodworth and not Holm.
The judgment appealed from is affirmed.
REED, C.J., and OWEN, J., concur.