BOYER, Chief Judge.
In its final judgment, the trial court determined that appellant was entitled to certain shares of Intervest Management Company common stock, but failed to award a judgment for the balance owed by appellee on its promissory note in favor of appellant. In so failing, he erred.
On May 21, 1971, the parties met at the offices of Intervest, Inc. in Orlando and signed an agreement by which appellant agreed to sell and appellee agreed to buy 32,500 shares of Intervest Management Company stock at a total price of $91,000, with $15,000 cash to be paid immediately and the balance of $76,000 to be paid in 40 equal monthly payments of $1,900 a month. Appellee executed a promissory note payable to appellant in that amount. The note was secured by the pledge of 27,120 shares of the stock which was to be delivered, along with the note, to the First National Bank of DeBary acting as escrow agent and collection agent for the parties. Upon debiting appellee’s account in an amount of $1,900 each month the bank was to relinquish a proportionate amount of stock to appellee. At the time the agreement was signed, the 32,500 shares of stock were transferred on the books of that company from appellant’s name to that of appellee. At the time the initial cash payment was made, appellant delivered 5,000 shares of the stock to appellee. The remaining 27,120 shares were “signed over” to appellee and appellee simultaneously executed stock powers to appellant.
With the exception of the Florida Bank at DeLand being substituted as the escrow and collection agent rather than the Bank at DeBary, the terms of the agreement were fully complied with until April of 1974 at which time the Florida Bank at DeLand was notified by appellee that no further payments would be made on the note. Appellant, on advice of counsel, elected to sue on the note and seek recovery of the balance, $9,500. However, the trial court found that appellant failed to establish his claim by the greater weight of the evidence.
At trial, appellee successfully contended that there was a failure of consideration for the promissory note by virtue of nondelivery of the stock. In Florida, consideration may be valuable or in the nature of a gratuity. 7 Fla.Jur., “Contracts”, § 36. Failure of consideration is the neglect, refusal, or failure of one of the parties to perform or furnish the consideration agreed upon. Holm v. Woodworth, 271 So.2d 167 (Fla. 4th DCA 1972). Want or failure of consideration is a defense under the Uniform Commercial Code. Section 673.408, Florida Statutes (1975).
Under the factual circumstances outlined above, there were more than sufficient acts and promises made by appellant at the time the note was executed to constitute consideration. The only evidence of failure of consideration contained in the record was the unilateral action on the part of appellee in refusing to make any further payments under the note. Appellant fully complied with the terms of the agreement entered into by the parties, and should not be penalized for appellee’s refusal to abide by the terms of that agreement.
Accordingly, the final judgment is reversed and remanded with directions that judgment be entered in favor of appellant in the amount of $9,500, the balance owed on the promissory note, plus such interest and costs as shall be in accordance with said note and law.
REVERSED.
RAWLS and McCORD, JJ., concur.