452 So.2d 40 (1984)
EQUILEASE CORPORATION, a New York Corporation, Appellant,
v.
WILLIAMS STEEL INDUSTRIES, INC., a Florida Corporation and S.W. Williams, Appellees.
No. 83-804.
District Court of Appeal of Florida, Fifth District.
May 10, 1984.
Rehearing Denied June 15, 1984.
*41 Anne C. Conway, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellant.
George E. Hovis, Clermont, for appellees.
SHARP, Judge.
Equilease Corporation (Equilease) appeals from a final judgment which denied it recovery against Williams Steel Industries, Inc. (W.S.I.), as lessee of a new Mori Seiki Engine Lathe and against S.W. Williams, president of W.S.I., as guarantor of the lease. The lower court found for the appellees because it ruled they established, as a matter of law, their defense of failure of consideration. We disagree and reverse.
The evidence at trial disclosed that John Williamson, president of Mercury Machines, sought to finance a lathe he owned with Equilease. Equilease agreed, but required Williamson to obtain a third party to lease the equipment. John Williamson then approached Williams and requested that W.S.I., Williams' company, execute the lease to accommodate Williamson. Since W.S.I. and Mercury Machines had done business over a number of years, Williams agreed. It is undisputed that Williamson gave Williams ten thousand dollars ($10,000.00) for his assistance.
Equilease and W.S.I. executed a lease of the equipment, and Williams signed a personal guaranty for W.S.I.'s performance under the lease. W.S.I. also signed an "Acceptance of Equipment" form stating it had inspected the lathe and accepted it in its present condition. After the lease was executed, Equilease paid John Williamson or Mercury Motors for the machine.
Both W.S.I. and Mercury Motors and their respective presidents knew that the lathe was not going to be delivered to W.S.I., but instead agreed to sublease it to a third party and pay Equilease from the money received from that lease. Equilease did not know of this arrangement. Accordingly, Williamson sent W.S.I. a check each month for the lease payment, and Williams in turn paid Equilease. When Williamson stopped sending the checks, W.S.I. ceased making the lease payments to Equilease. The lathe has now disappeared, and nothing can be collected from Williamson or Mercury Motors. In essence the question in this case is which of two innocent parties must bear the loss.
Under these circumstances we think there were sufficient facts to establish that there was consideration for the lease and guaranty. Equilease paid Williamson or Mercury Motors for the lathe, and it would not have done so had a bona fide lease and guaranty not been executed by W.S.I. and Williams.
Consideration need not be a benefit *42 to the promisor,[1] which often occurs in the case of accommodation parties such as Williams and W.S.I. See In Re Trinter, 212 So.2d 355 (Fla. 4th DCA 1972). Although the status of being an accommodation party may afford some defenses not available to a primary obligor,[2] in this case it is clear that Williams and W.S.I. cooperated with Williamson and Mercury Motors in hiding W.S.I.'s accommodation status from Equilease. In any event, lack or failure of consideration because no benefit moved to W.S.I., i.e., the machine was not delivered to W.S.I., is not a legally sufficient defense.
We reverse the judgment and remand for entry of judgment in favor of appellant and for other appropriate proceedings.
REVERSED AND REMANDED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Mangus v. Present, 135 So.2d 417 (Fla. 1961); 1 A. Corbin, Corbin On Contracts § 124 (1963); 1 Williston on Contracts § 114 (Jaeger ed. 1957).
[2] See § 673.415, Fla. Stat. (1983).