467 So.2d 708 (1985)
Robert D. FREITAG, Appellant,
v.
LAKES OF CARRIAGE HILLS, INC., and English, McCaughan & O'Bryan, a Partnership, Appellees.
No. 84-1581.
District Court of Appeal of Florida, Fourth District.
March 6, 1985.
Rehearing Denied May 8, 1985.
*709 Thomas E. Brandt, Fort Lauderdale, for appellant.
Donald C. Works, III, of English, McCaughan & O'Bryan, Fort Lauderdale, for appellee-English, McCaughan & O'Bryan.
G. Michael Keenan of Ruden, Barnett, McClosky, Schuster & Russell, Fort Lauderdale, for appellee-Lakes of Carriage Hills.
GLICKSTEIN, Judge.
This is an appeal from a final judgment in the sum of $11,000 based upon a promissory note in that amount executed by a purchaser of a condominium unit at the same time he executed a purchase agreement for same. We reverse.
The case is somewhat unusual in that the lawyers for the parties met and verbally stipulated that there would be no witnesses at the non-jury trial. Accordingly, the trial court was left to base its decision on the written and verbal stipulations by counsel in the record, together with the exhibits.
The promissory note is not a true reflection of the transaction, in that the last paragraph of the note recites that it is secured by a first mortgage of even date. That is patently not the case. The purchase agreement, dated June 13, 1983, similarly contains an inaccuracy, in that the printed portion states the terms of the purchase to be "[t]en percent deposit by check this date," whereas the following typed language appears opposite the printed portion:

*710
 6/13/83 $1,000.00
 6/28/83 $5,000.00

Notwithstanding these inaccuracies, there is no doubt that:
(1) Total deposits under the purchase agreement were to be $12,000, an additional $6,000 being due on July 13, 1983, one month after execution.
(2) The promissory note provided for two payments, both consistent with the dates and amounts recited in the purchase agreement for the additional deposits.
(3) Appellant/buyer could have avoided all liability under the purchase agreement and note by delivery of the statutory written notice created by section 718.503, Florida Statutes (1983); and the seller would have been obligated to return the buyer's $1,000 deposit and the executed promissory note.
The issue arose when the buyer failed to send the above statutory notice and failed to make either payment required by the note. The purchase agreement expressly establishes the seller's liquidated damages as being "[e]qual to the amount of the total deposit made by purchaser."
There is no question that the printed portion of the agreement, quoted above and throughout other clauses, contemplated a total 20% deposit when the form was printed. However, only $1,000 in deposits was actually received from this buyer; and under the authority of Makris v. Williams, 426 So.2d 1186 (Fla. 4th DCA 1983); Stewart v. Mehrlust, 409 So.2d 1085 (Fla. 2d DCA 1982); and Campbell v. Salman, 384 So.2d 1331 (Fla. 3d DCA 1980), the seller cannot recover a deposit not actually made.
The buyer/maker of the note contends there was a "failure of consideration",[1] as opposed to a "want of consideration",[2] but we fail to follow his logic. The seller did not neglect, refuse or fail to do anything it was obliged to do under the parties' contract.
However, the seller is confronted with a fundamental problem that arises out of the Makris decision when considered along with the early decision of Harper v. Bronson, 104 Fla. 75, 139 So. 203 (1932), which said:
The notes given by the defendant representing the unpaid purchase money under the contract, were incident to one of the covenants thereof, and the action on the note recognizes the contract as in force and effect, and is an action for part of the purchase price. (Citation omitted.)
Id. 139 So. at 207.
Here, while the contract may have been in force, it expressly limited seller's recovery to the deposit received. If, then, in an action on the purchase price, the seller has stipulated to his liquidated damages, we fail to see how the notes can be used to avoid that stipulation.
In summary, we find no reason to ignore the stipulated language in light of both Makris and Harper.
Reversed.
HERSEY and DELL, JJ., concur.

ON APPELLEE'S MOTION FOR REHEARING
GLICKSTEIN, Judge.
We adhere to our original opinion but add the following thought.
Notwithstanding reference in the note to a nonexistent mortgage, that reference did not affect the negotiability of the instrument. See section 673.112(b), Florida Statutes (1983). However, while a holder in due course is unaffected by the terms of a separate written agreement of which he lacks notice, as between the obligor and his immediate obligee or a transferee, the *711 terms of another agreement executed as part of the same transaction may modify or affect the terms of the instrument. Section 673.119, Florida Statutes (1983). Thus, as is generally known, the rights of the payee are not necessarily the same as those of a holder in due course.
Motion for Rehearing is denied.
HERSEY and DELL, JJ., concur.
NOTES
[1] In Florida, failure of consideration is the neglect, refusal or failure of one of the parties to perform or furnish the agreed consideration. Holm v. Woodworth, 271 So.2d 167 (Fla. 4th DCA 1972).
[2] Want of consideration is total lack of any consideration for a contract. Holm v. Woodworth, supra. Here, the note was under seal, and in Florida a seal imports consideration. 11 Fla.Jur.2d Contracts § 55.