DANAHY, Chief Judge.
When a sales contract provides that if a sale is not closed because of the fault of the buyer, the deposit paid under the contract is to be retained by the seller, the seller cannot recover a deposit not actually made. This court so held in Stewart v. Mehrlust, 409 So.2d 1085 (Fla. 2d DCA 1982). The trial judge in this action applied that rule in concluding that the appellants could not recover the amount of a deposit. Under the circumstances of this case, we believe the deposit should be considered to have been made and the appellants, therefore, have a right of recovery.
The appellants and the appellee entered into a contract dated March 7, 1985, providing for the sale of the appellants’ business to the appellee. The contract called for a closing no later than April 1, 1985, and provided for a deposit of $50,000 to be made within forty-eight hours following execution of the contract. The law firm of Baynard, Harrell, Mascara and Ostow was named as escrow agent and a separate escrow agreement was executed. The escrow agreement provided that “the escrow agent has executed this agreement at the foot hereof to confirm that the escrow agent is holding and will hold the monies in escrow pursuant to the provisions of this paragraph.” At the foot of the agreement *509 appear the words “receipt of the above deposit is hereby acknowledged.” William T. Baynard subsequently signed that receipt on behalf of the escrow agent.
On March 19, 1985, Mr. Baynard sent a letter to the appellants’ attorney advising that his firm had received a check from a Mr. Coone (one of the appellee’s principals) in the amount of $50,000 for the deposit under the sales contract and that the check had been deposited on March 18, 1985. The letter further advised that Mr. Bay-nard had executed the escrow agreement on behalf of the escrow agent.
On the evening of March 28, the appel-lee’s principals met and voted not to go through with the sales transaction. A representative of the appellants was immediately told that “they voted it down.” In the meantime, the check of Mr. Coone in the amount of $50,000 had been returned for insufficient funds. Mr. Baynard testified that he instructed his bank to present the check again for collection, which was done. The check was returned a second time for insufficient funds. Mr. Baynard testified that after the check was returned the second time, he called the appellants’ attorney and told him that the check had bounced; but Mr. Baynard could not recall whether he did that before or after the meeting of March 28. In any event, Mr. Baynard sent a letter on April 1, 1985, to the appellants’ attorney advising that the check in the amount of $50,000 for the escrow amount had been returned by the bank for insufficient funds. Mr. Baynard took the position in his testimony that he had never received $50,000 to hold in escrow on behalf of the appellee with respect to the transaction.
The sales contract provided as follows: If, under the provisions hereunder, the purchaser shall be obligated to complete the purchase, but fails to do so within the applicable period provided for the closing, then, upon the expiration of such period, the seller’s sole remedy shall be to retain as liquidated damages the deposit which had theretofore been paid to the escrow agent by the purchaser. Retention of such funds shall not be deemed a penalty, but rather a liquidation of the damages sustained by the seller because of such default by the purchaser.... Receipt of said sums by the seller shall be in consideration for the release of the purchaser by the seller of any and all further obligation under this agreement, and all rights of the purchaser hereunder shall end. In no event shall the seller have a right of action against the purchaser for damages or for specific performance.
The appellants brought this action against the appellee to recover the $50,000 deposit, alleging that the appellee had breached the contract and the appellants were entitled to the deposit. They appeal the adverse decision of the trial judge, who concluded after a nonjury trial that “since no deposit was actually made to be held in escrow, the Plaintiff cannot recover.” Accordingly, judgment was entered in favor of the ap-pellee.
A situation similar to that in this case confronted the court in Makris v. Williams, 426 So.2d 1186 (Fla. 4th DCA 1983). Acknowledging the Stewart v. Mehrlust rule, the court there held that the trial court in that case could reasonably have found there was a representation that $10,000 had already been put into escrow and, thus, those monies had been “paid” into escrow within the meaning of the default clause, and the seller could sue to retain those funds. The court affirmed the judgment of the trial court awarding the deposit to the seller. We believe that should be the outcome of the instant case.
Accordingly, we reverse with directions to enter judgment for the appellants in accordance with this opinion.
SCHEB and SCHOONOVER, JJ., concur.