ORFINGER, Judge.
We reverse the judgment which denied relief to appellants in their action to collect an unpaid promissory note executed by appellees and an escrow deposit which were both part of the purchase price for a business purchased by appellees from appellants. Although the appellees presented evidence to support their claim that there had been a partial failure of consideration, there was no evidence presented by them as to any expense or other damage suffered by them as a direct result of such breach. Partial failure of consideration is a defense pro tanto to enforcement of a promissory note by one not a holder in due course. § 673.408, Fla.Stat. (1985), Mullan v. Bank of Pasco County, 101 Fla. 1097, 133 So. 323 (1931), and it is an affirmative defense to be pleaded and proved by the defendant. Holm v. Woodworth, 271 So.2d 167 (Fla. 4th DCA 1972). Without some evidence that damage resulted from said claimed nonperformance, there was nothing to offset and it was error to deny recovery on the promissory note.
The same reasoning applies to the initial deposit paid by the buyer as part of the purchase price and held in escrow by the closing attorney. There was nothing in the contract that would indicate the disposition of this deposit in the event of a partial breach of conditions which were to be performed after the transaction was closed. Although the buyer would be entitled to recovery for any damages caused by the seller’s failure to perform these conditions, the buyer must still prove some damage before he is entitled to recover. Here, the appellees presented no such evidence and thus the appellant was entitled to the $1,000 deposit.
REVERSED.
UPCHURCH, C.J., and COWART, J., concur.