STONE, Judge.
The parties entered into a deposit receipt contract for the sale of real estate. Under the terms of the agreement and an addendum, the buyer executed and delivered two promissory notes. The buyer failed to close. Final judgment was entered in favor of the seller. We affirm. See Makris v. Williams, 426 So.2d 1186 (Fla. 4th DCA 1983); Alvis v. Investment I, Inc., 504 So.2d 508 (Fla. 2d DCA 1987); In re Alchar Hardware, Co., Inc., 764 F.2d 1530 (11th Cir.1985).
The contract initially called for a $10,000 deposit consisting of “cash $5,000 — $5,000 promissory note redeemable at closing.” The agreement also provided:
If buyer fails to perform any of the covenants of this contract, all money paid pursuant to this contract and promissory note by buyer as aforesaid shall be retained by or for the account of the seller, as consideration for the execution of this contract and as agreed liquidated dam *1294 ages in full settlement of any claims for damages, totalling $10,000.
The promissory note provided:
[The] principal amount due and payable in full on June 1, 1984; or, is redeemable for a like amount of settlement proceeds resulting from a purchase and sale contract between the parties hereto for that certain piece of real property located at
[[Image here]]
The closing date was extended, at the buyers request, by an addendum providing for a promissory note for $15,000 due on the day after closing. This note was executed and delivered contemporaneously with the addendum. The payment date on the original note was also extended to the new closing date. The parties subsequently signed an additional addendum continuing the closing to accommodate the buyers. This addendum extended the notes accordingly.
Upon default, the seller sued on both the contract and the notes. The defendant contends that the seller is seeking to recover on a deposit that was never made. See Freitag v. Lakes of Carriage Hills, Inc., 467 So.2d 708 (Fla. 4th DCA 1985); Makris, 426 So.2d at 1186; Campbell v. Salman, 384 So.2d 1331 (Fla. 3d DCA 1980). However, the trial court ruled that the two promissory notes constituted a deposit actually made.
In Freitag, the buyer had signed two promissory notes simultaneously with the execution of a standard deposit receipt contract. The notes were due prior to closing. It was anticipated that the cash deposit would have been put up prior to the scheduled closing. This court reversed a judgment for the seller which included sums due under the notes. The contract in Freitag, unlike the contract in the instant case, limited the seller’s remedy to retaining the deposits actually made.
In the case before us, the contract specifically provides for retention of the first note and the cash deposit in the event of buyers’ default. The parties in this case clearly intended that the second note would also be retained if the buyers failed to close. There are no public policy considerations favoring the defendant. The intent of the parties in this case is clear; in the event of default the seller was to retain both the cash deposit and the notes, and, in the event of closing, the notes would have been credited against the sums paid.
Were we to hold that a promissory note given under these conditions was unenforceable, the parties to real estate transactions would be deprived of a valuable tool for meeting contingencies in the negotiation of a sale, such as where a seller is reluctant to remove the property from the market and the buyer has insufficient cash available upon signing. We also note that there was no issue in this appeal that the sums in the notes might constitute a penalty. See Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975).
We therefore affirm the judgment of the trial court.
HERSEY, C.J., and DOWNEY, J., concur.