LEHAN, Acting Chief Judge.
The maker of a promissory note appeals a final judgment accelerating payment of the note. We affirm.
Appellant Myrick purchased real property from the Smiths and executed a promissory note as payment therefor. One of the provisions of the contract was that the Smiths would be responsible for certified special assessment liens against the property as of the date of closing and for any pending liens if the improvement that was the basis for such a lien had been substantially completed as of the date of closing.
Shortly after closing, Myrick discovered a newly certified lien that had been pending, and incident to which the improvements had been substantially completed, at the time of closing. The Smiths did not comply with Myrick’s demand that they pay the lien. Myrick eventually paid the lien.
In the meantime, Myrick did not make the first two quarterly interest payments due on the note because of his contention that the Smiths owed him the amount of the lien, that amount being greater than the total of the two interest payments. The Smiths filed suit alleging that the note was in default and electing to accelerate the unpaid balance of the note. Myrick defended on the ground that the Smiths were indebted to Myrick in an amount greater than the amount of the two note payments.
The trial court entered judgment for the Smiths for the full value of the note, less credit to Myrick for the special assessment lien that he had paid. This appeal followed.
On appeal, Myrick contends that the trial court erred in accelerating the note because the Smiths were not holders in due course, thus entitling Myrick to raise, and prevail upon, a defense of failure of consideration. However, without deciding whether the Smiths were or were not holders in due course, we note that failure of consideration for a promissory note is an affirmative defense which must be pleaded. See Dube v. Puente de la Vega, 505 So.2d 697, 698 (Fla. 5th DCA 1987); Holm v. Woodworth, 271 So.2d 167, 170 (Fla. 4th DCA 1972); Fla.R.Civ.P. 1.110(d). Myrick did not raise the defense of failure of consideration in any pleading filed in the trial court. The only defense raised by Myrick below was that he should be entitled to a set-off for the amount of the lien that he had paid, and the trial court granted that relief. Accordingly, we find Myrick entitled to no further relief on appeal.
Affirmed.
THREADGILL and PARKER, JJ., concur.