In re Olaf Iden CHOATE and Sylvia Aguirre Choate, Debtors.

Olaf Iden CHOATE, Plaintiff,

v.

NORVELL & ASSOCIATES, A.M. Tenz, Inc., Hendrick Health Information, Abilene Regional Medical Center, West Texas Back Clinic, Credit Bureau of West Texas, Abilene Medical Imaging, P.A., James T. Wray, D.O., Abilene Physical Therapy & Sports Rehab Clinic, and Radiology Associates, Inc., Defendants.

Bankruptcy No. 194–10286–7.
Adv. No. 195–1006.

United States Bankruptcy Court,
N.D. Texas,
Abilene Division.

July 17, 1995.

Thomas M. Wheeler, Abilene, TX, for debtors.

Paul L. Cannon, McMahon, Surovik, Suttle, Buhrmann, Cobb & Hicks, P.C., Abilene, TX, for Radiology Associates.

Joseph F. Postnikoff, Chapter 7 Trustee, McWhorter, Cobb & Johnson, L.L.P., Lubbock, TX.

James D. Norvell, Norvell & Associates, Abilene, TX.

## MEMORANDUM OF OPINION ON COMPLAINT FOR TURNOVER

JOHN C. AKARD, Bankruptcy Judge.

Olaf Iden Choate and Sylvia Aguirre Choate (Debtors) seek a turnover from James D. Norvell of Norvell & Associates, Attorneys at Law, of funds retained from a personal injury settlement to pay medical expenses. The court finds that the Debtors' request for turnover should be denied and that Mr. Norvell should be instructed to pay the medical providers from the funds on hand.[1]

### FACTS

In October 1993, Mr. Choate was injured in an automobile accident. He retained Mr. Norvell to seek compensation for his injuries. Mr. Choate filed suit against Richard Wayne Lett and Haliburton Services in the State District Court in Taylor County, Texas. Following Mr. Choate's recovery, various medical providers began pressing him for payment of their services rendered following the accident. In late 1993 and early 1994, Mr. Choate approved agreements with the medical providers which instructed Mr. Norvell to pay each of them directly from the proceeds of any recovery for the automobile accident. The case settled for $22,500. Mr. Norvell received one-third of that amount, $7,500, as an attorney's fee and retained $4,789.54 to pay medical providers. On November 16, 1994, Mr. Norvell paid the balance to Mr. Choate.

On November 18, 1994, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code. They chose the "federal exemptions" under § 522(b)(1) of the Bankruptcy Code.[2] Specifically, they sought to exempt $14,500 of the personal injury settlement[3] under

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), (B), and (E).

2. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

3. The settlement was for $22,500. Deducting the one-third attorney's fees of $7,500 would leave a $15,000 balance. It is not explained why the

§ 522(d)(11)(D) and (E). There was no objection to the Debtors' claim of exemption and it has, therefore, been allowed. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). On March 10, 1995, Mr. Choate filed this Adversary Proceeding styled Complaint to Determine Extent and Validity of Purported Security Interest and for Turnover against eight medical suppliers. The claims listed in the Complaint range from $318 to $697 and total $3,590.59.[4]

The complaint also listed the Credit Bureau of West Texas for an unknown amount. Norvell & Associates is listed as a creditor, but Mr. Choate stated he does not wish to set aside the payment to Mr. Norvell because a portion of the personal injury claim was assigned to Mr. Norvell more than a year prior to the bankruptcy.

The complaint seeks a turnover from Mr. Norvell of the $4,789.54 he presently holds. The Debtors assert that this amount is property of the bankruptcy estate but, as a result of the claim of exemptions, is now property of Mr. Choate.

The complaint seeks the turnover on several alternative grounds:

a. Mr. Choate asserts that the letters of protection which he and Mr. Norvell signed for the benefit of the medical providers constitute executory contracts which were rejected pursuant to § 365(d)(1) because they were not assumed by the Trustee-in-Bankruptcy within 60 days of the order for relief (filing of the bankruptcy petition).

b. Mr. Choate asserts that if the payments were to be made from the suit proceeds, they would constitute voidable preferences which the Trustee may avoid pursuant to § 547.

c. Mr. Choate asserts that liens claimed by the medical providers can be avoided by a Trustee pursuant to § 545.

d. Mr. Choate states that the letters of protection are not assignments because

they are not supported by consideration or are not specific as to the amount and time of payment.

Pursuant to § 522(h), Mr. Choate may avoid transfers under §§ 545 and 547 if the Trustee does not attempt to avoid such transfers and if the property recovered would be exempt.

Radiology Associates of Abilene, P.A. (Radiology Associates) was the only creditor to file an answer in this proceeding. The answer asserted that its claim covers the $563 shown in the complaint as owed to Radiology Associates, Inc. and the $318 shown in the complaint as owed to Abilene Medical Imaging.

Mr. Choate filed a motion for entry of judgment in which he asserted that all other defendants had defaulted and that, in order to avoid the expense of trial, he was willing to pay in full the claim of Radiology Associates.

## DISCUSSION

■ Considering the small amounts involved in the claims of each of the medical providers, it is not surprising that they did not go to the expense of filing an answer in this proceeding. Notwithstanding the lack of an answer by a number of the defendants, Mr. Choate's pleading must establish his entitlement to a judgment in this Adversary Proceeding.

■ With respect to Mr. Choate's complaint under § 545, there is no showing that the medical providers are asserting a lien and consequently, there are no liens to be avoided under that section. With respect to Mr. Choate's complaint under § 547, there was no prepetition payment of the medical providers, and thus, there is no "transfer of an interest of the debtor in property" to be avoided under that section.

■ Section 365 allows the Trustee to assume or reject executory contracts. An executory contract is one "under which the obligation of both the bankrupt and the other

Debtors sought to exempt only $14,500 of the settlement.

4. The parties provided no explanation for the difference between the total listed claims of $3,590.59 and the $4,789.54 retained by Mr. Norvell to pay medical expenses.

party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." Countryman, Executory Contracts in Bankruptcy, 57 Minn.L.Rev. 439, 460 (1973). In this instance, the medical providers had fully provided their services. The only act remaining to do was pay for those services. A contract where the only thing left to do is payment of money is not an executory contract. See, *e.g., In re Placid Oil Co.,* 72 B.R. 135 (Bankr. N.D.Tex.1987).

■■■ Mr. Choate stated that the letters of protection were not supported by consideration. He acknowledged, however, that the letters were signed with the understanding that the medical providers would not press him for payment until the suit was settled. Detriment to the creditor, such as forbearance to file a collection action is adequate consideration. *In re Alchar Hardware Co.,* 764 F.2d 1530 (11th Cir.1985).

■■■ Mr. Choate asserted that the letters of protection were indefinite in that they did not state specific amounts and did not state when the amounts would be due. Each letter stated that the amounts were limited to medical expenses related to the automobile accident and that they would be paid from the proceeds of the settlement. Thus, only two things were necessary: namely, an itemization of the medical expenses and the completion of the settlement. The court finds the assignments sufficiently specific.

The court finds that the letters of protection constituted fully enforceable assignments of a portion of the proceeds of the settlement in connection with the automobile accident. Mr. Choate acknowledges that the amount of the medical expenses was made known to the defendants in the suit and was used as a factor in arriving at the settlement and indeed, was set aside for the benefit of the medical providers.

## CONCLUSION

■■■ Mr. Choate seeks to deny the medical providers that portion of the settle-

ment based upon their services and set aside for their benefit. The Bankruptcy Code is designed to shield debtors from creditor harassment, but it should not be used as a sword by debtors to deprive creditors of that to which they are properly entitled. For the reasons stated above, Mr. Choate's complaint will in all things be denied. Mr. Norvell will be instructed to pay the medical providers in accordance with the letters of protection. He shall furnish a full accounting to the Trustee and shall remit to the Trustee any amounts presently held by him over and above the amounts necessary to pay the medical providers. The Trustee can then make a recommendation to the court as to the distribution of the remaining funds, if any, including whether they should be disbursed to other medical providers, awarded to the Debtors as exempt property, or distributed to the creditors generally.

ORDER ACCORDINGLY.[5]

---

5. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Fed. R.Bankr.P. 7052. This Memorandum will be published.